# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 14-661V
Filed: October 18, 2016
UNPUBLISHED

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
PATRICIA ELLIOTT,                       \*
                                        \*
                Petitioner,             \*
v.                                      \*
                                        \*   Attorneys' Fees and Costs;
SECRETARY OF HEALTH                     \*   Special Processing Unit ("SPU")
AND HUMAN SERVICES,                     \*
                                        \*
                Respondent.             \*
                                        \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Marvin Firestone, Marvin Firestone, MD, JD, and Associates, San Mateo, CA, for petitioner.*
*Glenn Alexander MacLeod, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On July 28, 2014, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury as a result of an influenza ("flu") vaccination she received on November 7, 2013. On November 4, 2015, the undersigned issued a decision awarding compensation to petitioner based on the parties' Stipulation. (ECF No. 38).

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On April 22, 2016, petitioner filed an application for attorneys' fees and costs requesting attorneys' fees in the amount of $35,074.50 and attorneys' costs in the amount of $616.98 for a total amount of $35,961.48. (ECF No. 44 at 1).[3] In compliance with General Order #9, petitioner filed a signed statement indicating petitioner incurred no out-of-pocket expenses. (ECF No. 44 at 20).

On May 9, 2016, respondent filed a response to petitioner's application. (ECF No. 45). In her response, respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that she "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent further "asserts that a reasonable amount for fees and costs in the present case would fall between $15,000.00 to $22,000.00" citing four "conceded SIRVA" cases where the stipulated award of attorneys' fees and costs fell within the given range. (*Id.* at 3.)

On June 27, 2016, the undersigned issued an Order indicating her agreement with the analysis in S*tanford v. Sec'y of Health & Human Servs.*, No. 14-1216V, 2016 WL 3176599 (Fed. Cl. Spec. Mstr. May 16, 2016) regarding the appropriate hourly rate for the attorneys in petitioner's counsel's law firm. (ECF No. 46). The undersigned further indicated her intent to adopt the *Stanford* reasoning in this claim and ordered petitioner to file a supplemental application for attorneys' fees and costs utilizing the rates awarded in *Stanford*.[4] (*Id.*)

On July 26, 2016, petitioner filed a supplemental application for attorneys' fees and costs, utilizing the hourly rates for counsel awarded in *Stanford*, and requesting attorneys' fees in the amount of $24,860.00 and attorneys' costs in the amount of $616.98 for a total amount of $25,476.98. (ECF No. 49 at 1).

On August 11, 2016, respondent filed a response to petitioner's supplemental application. (ECF No. 50). In her response, respondent indicates that she "adopts [] her previous response to petitioner's initial fee request, and proffers that a reasonable amount for fees and costs in the present case falls between $15,000.00 and $22,000.00" citing the same four conceded SIRVA cases as cited in her initial response. (ECF No. 50 at 1-2).

On October 7, 2016, petitioner filed supporting evidence for her requested costs. (ECF No. 54). Petitioner's supplemental application for attorneys' fees and costs is now ripe for adjudication.

---

[3] All pin cites in this decision will reference the page number assigned by CM/ECF at the top of each page.

[4] In *Stanford*, Marvin Firestone was awarded a rate of $400.00 per hour, and Michael Firestone was awarded a rate of $260.00 an hour. S*tanford*, 2016 WL 3176599, at *1-2.

The undersigned fully agrees with the *Stanford* analysis regarding appropriate hourly rates for petitioner's counsel, Marvin Firestone and Michal Firestone, and adopts the same reasoning in this case.  Furthermore, the undersigned has reviewed the billing records submitted with petitioner's request.  In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the hours or rates requested in petitioner's supplemental application for attorneys' fees and costs.[5]

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's supplemental application for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $25,476.98[6] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Marvin Firestone.**

The clerk of the court shall enter judgment in accordance herewith.[7]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[5] The undersigned notes that petitioner has requested a rate of $165 for the paralegal services of Patricia Barrick, a registered nurse and paralegal, based upon Ms. Barrick's experience and credentials the undersigned finds this a reasonable rate for her paralegal services. (ECF No. 49 at 9).  Ms. Barrick has worked with Marvin Firestone as a psychiatric nurse for 43 years, and as a paralegal since 1981.  (*Id.*).

[6] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.